# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JENNIFER ULAD,                )
                                       )
       Plaintiff          )
                                       )
     v.                     )  **Case No.:**
                                       )
PERFORMANT RECOVERY, INC.   )  **COMPLAINT AND DEMAND FOR**
F/K/A DIVERSIFIED COLLECTION   )  **JURY TRIAL**
SERVICES, INC.,                )
                                       )  **(Unlawful Debt Collection Practices)**
        Defendant         )

## COMPLAINT

JENNIFER ULAD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PERFORMANT RECOVERY, INC. f/k/a DIVERSIFIED COLLECTION SERVICES, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Folcroft, Pennsylvania 19032.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Defendant, Performant Recovery, Inc. f/k/a Diversified Collection Services, Inc., is a collection company with its principal place of business located at 333 N. Canyons Parkway, Suite 100, Livermore, California 94551.

8.      Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone or internet.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11.     At all pertinent times hereto, Defendant was attempting to collect a consumer debt from Plaintiff.

12.     The alleged debt at issue, a PNC Bank Federal Stafford Loan, arose out of transactions, which were primarily for personal, family, or household purposes.

13.     Beginning in or before September 2013, Defendant sought to collect a consumer debt from Plaintiff.

14.     In its attempts to collect the debt, Defendant repeatedly contacted Plaintiff's brother's place of employment and requested to speak with her.

15.     Plaintiff has never given, or used, her brother's place of employment's telephone number as a contact number for herself.

16.     In addition, Defendant would leave messages on the company's voicemail identifying itself and advising that it was attempting to contact Plaintiff.

17.     Prior to its calls to her brother's place of employment, Plaintiff's brother had no knowledge of this alleged debt.

18.     It was embarrassing and humiliating to Plaintiff to have her brother and his co-workers know that she had a debt in collection.

19.     At no time has Plaintiff given Defendant consent to disclose debt information to third parties, including her brother.

20.     Further, in its attempts to collect the alleged debt, Defendant contacted Plaintiff on her cellular telephone.

21.     On average, Defendant contacted Plaintiff two (2) times a day.

22.     Further, when contacting Plaintiff, Defendant would call her at times when it was inconvenient for her to receive collection calls.

23.     Specifically, Defendant contacted Plaintiff at 7:55 a.m.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

24.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692b(2) and 1692b(3).

26.     Section 1692b(2) of the FDCPA prohibits a debt collector, who is contacting any person for the purpose of obtaining location information, from disclosing to that person that the consumer owes a debt.

27.     Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes

that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

28.     Here, Defendant violated §§ 1692b(2) and 1692b(3) of the FDCPA by repeatedly calling Plaintiff's brother's workplace and disclosing Plaintiff's debt to brother and his co-workers.

## COUNT II

29.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692c(a)(1) and 1692c(b).

31.     A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

32.     Section 1692c(b) of the FDCPA states that except as provided in section 1692b, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as

reasonably necessary to effectuate a post-judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33.     Here, Defendant violated §§ 1692c(a)(1) and 1692c(b) of the FDCPA by contacting Plaintiff at times when it was inconvenient for her to receive collection calls, specifically calling before 8:00 a.m. and repeatedly, without consent of Plaintiff, communicating with Plaintiff's brother and his co-workers in regards to the debt collection.

## COUNT III

34.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

36.     Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

37.   Section 1692d(5) of the FDCPA prohibits debt collectors from engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass.

38.   Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA, when it repeatedly called her on her cellular telephone, including before 8:00 a.m., because the natural consequence of such behavior is to harass and abuse Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER ULAD, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

1

## **DEMAND FOR JURY TRIAL**

2

3    PLEASE TAKE NOTICE that Plaintiff, JENNIFER ULAD, demands a jury

4    trial in this case.

5                                    RESPECTFULLY SUBMITTED,

6    DATED:  December 30, 2013        KIMMEL & SILVERMAN, P.C.

7

8                                    By: _____

9                                        Craig Thor Kimmel
                                         Attorney ID # 57100
10                                       Kimmel & Silverman, P.C.

11                                       30 E. Butler Pike
                                         Ambler, PA 19002
12                                       Phone: (215) 540-8888
                                         Fax: (877) 788-2864
13                                       Email: kimmel@creditlaw.com

14

15

16

17

18

19

20

21

22

23

24

25